IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02794-WJM-MEH

JOAQUIN A. GUZMAN LOREA,

    Plaintiff,

v.

B. TRUE, individually, and in his official capacity as Complex Warden of the United States Penitentiary Florence ADMAX,
HOLBROOKS, individually, and in his official capacity as Prisoner Counselor at United States Penitentiary Florence ADMAX,
MERRICK GARLAND, in his official capacity as Attorney General of the United States,
MICHAEL CARVAJAL, in his official capacity as Director of Bureau of Prisons,
DOES 1-5, individually, and in his, hers, or their official capacities as Medical Staff at United States Penitentiary Florence ADMAX, and
DOES 6-10, individually, and in his, hers, or their official capacities as Educational Staff at United States Penitentiary Florence ADMAX,

    Defendants.

## MOTION FOR LEAVE TO FILE A 25-PAGE MOTION TO DISMISS

Pursuant to Judge Martínez's Practice Standard III.C.2, Defendants respectfully move for leave to file a 25-page motion to dismiss.[1] Under Judge Martínez's Practice Standard III.C.1, motions to dismiss are limited to 15 pages. Here, good cause exists to allow all Defendants to file one 25-page motion to dismiss.

Mr. Guzman—"El Chapo," the long-time leader of the Sinaloa drug cartel—is incarcerated at the ADX under Special Administrative Measures imposed by the Attorney General pursuant to

---

[1] On Friday, June 10, 2022, undersigned counsel conferred with counsel for Mr. Guzman and provided a detailed analysis of the grounds for dismissal of each of his claims. Late yesterday evening, counsel advised that Mr. Guzman disagrees with the merits of the arguments Defendants will present and therefore opposes this request for additional pages.

28 C.F.R. § 501.3. *See United States v. Guzman Loera*, 24 F.4th 144 (2d Cir. 2022), *cert. denied*, 2022 WL 1914169 (U.S. June 6, 2022). Mr. Guzman's complaint, ECF No. 1, raises a broad swath of claims based on wide-ranging allegations about his confinement at ADX.

Defendants will move to dismiss every claim. They will argue that Mr. Guzman's allegations state no plausible claim for relief, and that some of his claims also fail for lack of subject-matter jurisdiction.[2] The grounds for dismissal are based on different legal standards that must be separately analyzed for each claim. To summarize Defendants' arguments for dismissal of each claim:

- Claim 1 – Eighth Amendment conditions-of-confinement claim: In this claim, Mr. Guzman alleges that the "totality of conditions" at ADX combine to constitute cruel and unusual punishment. Compl. ¶¶ 110-123. Defendants will argue that both the Supreme Court and Tenth Circuit have rejected such "overall conditions" claims under the Eighth Amendment, and that nothing distinguishes Mr. Guzman's claim from the numerous failed attempts to show that ADX conditions are so extreme as to rise to the level of cruel and unusual punishment.

- Claim 2 – First Amendment mail-interference claim: This claim hinges on an alleged ten-month delay in Mr. Guzman's family receiving a letter he claims to have written in October 2019. He seeks an order altering the SAMs review period for foreign-language social mail from 60 business days to seven calendar days. Defendants will argue that this claim must be dismissed for lack of subject-matter jurisdiction because Mr. Guzman cannot meet his burden to establish standing to obtain prospective relief and because any claim about conjectural future mail delays is not ripe. Defendants also will argue that the claim must be dismissed because Mr. Guzman's allegations fail to account for the "core holding" in *Turner v. Safley*, 478 U.S. 78 1986), i.e., "that there is no legitimate, rational basis" for the challenged action. *Al-Owhali v. Holder*, 687 F.3d 1236, 1239, 1241 (10th Cir. 2012).

- Claim 3 – Eighth Amendment deliberate-indifference-to-medical-needs claim. Mr. Guzman claims an Eighth Amendment violation on two grounds: he allegedly has "untreated nail

---

[2] Mr. Guzman's claims are also not exhausted, which Defendants will explain in an early motion for summary judgment to be filed within the next several weeks.

fungus," and he receives a visit from a Spanish-speaking mental health professional at ADX about once a month, rather than weekly, as he would prefer. Defendants will explain that the claim fails because Mr. Guzman's allegations indicate, at most, his disagreement with the judgment of ADX medical providers, which does not plausibly show a violation of the Eighth Amendment.

- Claim 4 – First Amendment "petition" claim: In this claim, Mr. Guzman asserts that the exhaustion requirement under the Prison Litigation Reform Act does not apply to him because a former ADX Warden allegedly didn't respond to a letter from Guzman's attorney. Defendants will explain that this is not a viable claim, and that the closest that such a claim can get to a First Amendment violation is under the rubric of a denial-of-access-to-the-courts claim—which Mr. Guzman has failed to allege.

- Claim 5 – Administrative Procedure Act claim: Here, Mr. Guzman purports to challenge certain aspects of his ADX conditions, as in Claims 1 and 3, but under the Administrative Procedure Act. Jurisdiction is lacking because the APA does not waive sovereign immunity for this claim, for two reasons: Mr. Guzman identifies no "agency action," and he cannot show that he has no other adequate remedies. Regardless, the APA claim would fail for the same reasons as the duplicative constitutional claims.

As reflected in this synopsis, Defendants have carefully considered Mr. Guzman's claims, his myriad allegations, and the relevant legal arguments. Undersigned counsel has dedicated many hours to editing and revising the motion to streamline the arguments and to reduce the number of pages to the greatest extent possible. Defendants respectfully submit that the number of pages requested here is necessary to clearly and thoroughly explain the reasons supporting dismissal of each claim.

Moreover, it will promote the goal judicial efficiency—as well as the profound security concerns underlying Mr. Guzman's SAMs—if some, if not all, of his claims can be resolved without initiating discovery. *See Guzman Loera*, 24 F.4th at 149-50, 152 (from prison, Guzman had "prospective witnesses murdered, brib[ed] prison officials, and us[ed] third parties to continue to manage the Sinaloa Cartel," and engineered two escapes from maximum-security facilities in

Mexico, including one by means of "a mile-long tunnel under his cell"); *see also* Fed. R. Civ. P. 1 (procedural rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Mr. Guzman is not prejudiced by the Court having a full opportunity to assess whether his claims meet the pleading and jurisdictional requirements of the Federal Rules of Civil Procedure. However, there would be prejudice to Defendants—Department of Justice officials who are charged with protecting the safety and security of prisons and the public—if they are unable to fully present the reasons why Mr. Guzman's claims cannot proceed.

WHEREFORE, Defendants respectfully request the Court's leave to file a 25-page motion to dismiss.

Respectfully submitted on June 14, 2022.   COLE FINEGAN
United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
T: (303) 454-0100; F: (303) 454-0411
susan.prose@usdoj.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

  I hereby certify that on June 14, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

  Mariel A. Colon Miro
  Jodi L. Morales


              s/ *Susan Prose*
              Susan Prose
              United States Attorney's Office