IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02794-WJM-MEH

JOAQUIN A. GUZMAN LOREA,

    Plaintiff,

v.

B. TRUE, individually, and in his official capacity as Complex Warden of the United States Penitentiary Florence ADMAX,
HOLBROOKS, individually, and in his official capacity as Prisoner Counselor at United States Penitentiary Florence ADMAX,
MERRICK GARLAND, in his official capacity as Attorney General of the United States,
MICHAEL CARVAJAL, in his official capacity as Director of Bureau of Prisons,
DOES 1-5, individually, and in his, hers, or their official capacities as Medical Staff at United States Penitentiary Florence ADMAX, and
DOES 6-10, individually, and in his, hers, or their official capacities as Educational Staff at United States Penitentiary Florence ADMAX,

    Defendants.

---

**DEFENDANTS' MOTION TO STAY DISCOVERY
AND TO VACATE SCHEDULING CONFERENCE**

---

    Defendants move the Court for an order staying discovery until the Court has resolved their motion to dismiss, ECF No. 24, and a forthcoming early motion for summary judgment for failure to exhaust.[1] Relatedly, Defendants also request that the Court vacate the Scheduling Conference set for July 7, 2022, and all related deadlines, *see* ECF No. 18 at 1, or alternatively convert the

---

[1] Undersigned counsel conferred with counsel for Mr. Guzman, who advised that this motion is **opposed**.
Defendants are working diligently on the early motion for summary judgment, which will be supported by multiple declarations and will be filed as soon as possible. Several persons working with undersigned counsel unfortunately were recently away from the office due to illness. Because of the fast-approaching date for the Scheduling Conference, Defendants proceed to file this motion to stay discovery.

Scheduling Conference to a Status Conference.

There is good cause for the Court to grant a stay of discovery. Both dispositive motions raise or will raise threshold issues—lack of subject-matter jurisdiction, failure to state a claim, and failure to exhaust—and if granted, would resolve all of Mr. Guzman's claims. Courts have recognized that discovery into the merits of claims is generally improper for claims over which the Court lacks jurisdiction and that are not exhausted. The Supreme Court has likewise stated that the "doors of discovery" should not be "unlock[ed]" until the plaintiff has stated a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The *String Cheese* factors further support staying discovery until the Court rules on Defendants' motions.

## BACKGROUND

Defendants have moved to dismiss all of Mr. Guzman's remaining claims. *See* ECF No. 24. The motion was filed on June 15, 2022, and refiled on June 28, 2022, per the Court's order to conduct additional conferral among counsel. After a good-faith effort, no stipulated amendment could be reached, and Defendants do not believe that the defects detailed in their motion to dismiss are correctable by amendment.

To briefly recap those grounds for dismissal, Defendants argued that Claim 1, asserting that the "totality of conditions" at ADX combine to constitute cruel and unusual punishment under the Eighth Amendment, fails to state a claim, Mot. at 3-6. Defendants explained that Claim 2, a First Amendment claim regarding an alleged delay in transmitting a letter to Mr. Guzman's family (which they did receive), fails for lack of subject-matter jurisdiction (standing and ripeness) and failure to state a First Amendment claim. *Id.* at 6-11. Defendants argued that Claim 3, a deliberate-indifference-to-medical-needs claim, fails to plead a violation of either the objective or subjective

2

prongs of the Eighth Amendment test. *Id.* at 11-16. Claim 4, based on a former ADX Warden's alleged failure to respond to a letter from Mr. Guzman's counsel, states no viable First Amendment claim. *Id.* at 16-17. And Mr. Guzman's Administrative Procedure Act Claim, Claim 5, fails because there is no waiver of sovereign immunity for such a claim and Mr. Guzman has not alleged that an agency acted in a manner that is contrary to a constitutional right. *Id.* at 17-20. Finally, as noted above, Defendants will file an early motion for summary judgment because Mr. Guzman did not exhaust any of these claims before raising them in federal court.

## ARGUMENT

**I.     The Court should stay discovery until the threshold issues are resolved.**

The Court should stay discovery because the motions,[2] if granted, are fully dispositive of the claims against Defendants. Moreover, as detailed below, the grounds raised and to be raised in the motions—lack of jurisdiction, failure to exhaust, and failure to state a claim—are the type of threshold issues that courts have recognized should be properly resolved before allowing discovery.

First, as noted above, the motion to dismiss argues that there are jurisdictional defects in several claims: Claim 2 has standing and ripeness deficiencies, and the Administrative Procedure Act does not provide a waiver of sovereign immunity for Claim 5. Federal Rule of Civil Procedure 82 expressly states that the Federal Rules of Civil Procedure, including the discovery rules, "do not extend or limit the jurisdiction of the district courts." *Id.* As a result, "the district court must have jurisdiction … before the discovery rules become operative." *Al Fayed v. CIA*, 229 F.3d 272, 276 (D.C. Cir. 2000). The Supreme Court has therefore held that discovery processes and orders issued where a court lacks jurisdiction are void. *U.S. Catholic Conference v. Abortion Rights*

---

[2] Granting the motion to dismiss alone would resolve the entire case.

*Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[I]f a district court does not have subject-matter jurisdiction over the underlying action … then the [discovery] process is void."); *see also Shirley v. Maxicare Texas, Inc*., 921 F.2d 565, 568 (5th Cir. 1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, . . . any order it makes (other than an order of dismissal or remand) is void.").

The Court should thus resolve the jurisdictional issues before allowing discovery to proceed on the merits. Courts, including numerous judges in this district, routinely recognize the appropriateness of staying discovery when the court's jurisdiction is at issue. *See, e.g.*, *Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020); *Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *1 (D. Colo. Mar. 13, 2017); *Mitcham v. Nationstar Mortgage, LLC*, No. 09-cv-03038-PAB-KLM, 2010 WL 582140, at *1 (D. Colo. Feb. 11, 2010); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). The proper course is to stay discovery until the Court's jurisdiction is resolved.

Second, the Court should resolve the exhaustion defense before allowing discovery into the merits of Mr. Guzman's unexhausted claims. Defendants will raise the defense of failure to exhaust in their early motion for summary judgment, which would require dismissal of all of Mr. Guzman's claims. The Prison Litigation Reform Act ("PLRA") imposes strict mandatory exhaustion of all available remedies before filing suit. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Congress has declared that "*[n]o action shall be brought* with respect to prison conditions … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). This statute "makes exhaustion a precondition to *filing* a suit." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (emphasis in original).

4

As the Supreme Court has explained, "[r]equiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities *before being haled into court*." *Jones v. Bock*, 549 U.S. 199, 204 (2007) (emphasis added). It would thus be antithetical to the PLRA for the Court to allow discovery on Mr. Guzman's unexhausted claims—and to hale officials into court—before the issue of exhaustion has been resolved. Similarly, "[i]f merits discovery is allowed to begin before [resolving exhaustion], the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will not be achieved." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). For that reason, absent "exceptional" circumstances, courts have not allowed discovery into the merits until exhaustion is resolved. *See id.* ("We emphasize that in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved.")[3]; *see also Boles v. Allen*, 784 F. App'x 596, 600 (10th Cir. 2019) (finding no abuse of discretion in trial court's decision to stay discovery pending its decision on preliminary issue of exhaustion).

Third, Defendants have moved to dismiss all of Mr. Guzman's claims for failure to state a claim. The Supreme Court and the Tenth Circuit have emphasized that a trial court should not "unlock the doors" of discovery unless and until the plaintiff demonstrates that he has stated a plausible claim under Rule 8.

---

[3] *Accord, e.g., Small v. Camden Cty.*, 728 F.3d 265, 271 n.5 (3d Cir. 2013) (expressing agreement with *Pavey*); *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim . . ., leaving until later—if it becomes necessary—discovery directed to the merits of the suit."); *Robertson v. Pace*, 799 F. App'x 955, 956 (8th Cir. 2020) (holding that "district court did not abuse its broad discretion in denying [inmate's] ongoing attempts to lift the stay of discovery while it resolved the exhaustion issue").

In *Twombly*, the Supreme Court embraced "the understanding that, *before proceeding to discovery*, a complaint must allege facts suggestive of illegal conduct." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (emphasis added). Then, in *Iqbal*, the Supreme Court held that, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. The Court suggested that the motion to dismiss determination must precede initiation of discovery, even when a district court might attempt to engage in "careful case management" designed to cabin discovery in the early stages of the case. *Id.* at 684-85 ("[T]he question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process."). The Court rejected an approach that would allow "a claim just shy of a plausible entitlement to relief" to proceed to discovery, recognizing "the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Id.* at 685 (quoting *Twombly*, 550 U.S. at 559).

More recently, the Supreme Court emphasized that threshold issues should generally be resolved before imposing burdensome litigation on the government. *In re United States*, 138 S. Ct. 443, 444-45 (2017). The Court granted an extraordinary writ of mandamus—a writ available only upon a showing of clear error—holding that the district court clearly erred by not resolving the government's dispositive, threshold arguments before ordering the government to undergo burdensome document productions. *Id.* at 445. The Court's decision serves to reiterate that threshold, dispositive issues should generally be resolved before burdensome discovery begins.

6

Following *Twombly* and *Iqbal*, the Tenth Circuit, too, has recognized that discovery generally should not proceed until the Court determines that a plaintiff has stated a claim. As the Tenth Circuit has explained, Rule 8 serves two purposes: (1) "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and (2) "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring)). Allowing discovery at this time would thwart the second purpose by unnecessarily triggering an expensive and burdensome discovery process before the Court has a chance to decide whether there is even a viable claim. In accordance with these principles, numerous Tenth Circuit decisions have emphasized that discovery pending a motion to dismiss for failure to state a claim would be inconsistent with *Twombly* and *Iqbal*. *See, e.g.*, *Vega v. Davis*, 572 F. App'x 611, 616 (10th Cir. 2014); *Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012); *Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 763-64 (10th Cir. 2011); *Roth v. Wilder*, 420 F. App'x 804, 805 (10th Cir. 2011).

\*   \*   \*

In sum, the Court should stay discovery pending resolution of these three threshold issues.

## III. The *String Cheese* factors strongly support a stay.

The Court should stay discovery based on the grounds stated above. In addition, the *String Cheese* factors weigh strongly in favor of a stay here.

Staying discovery is a proper exercise of the Court's discretion. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (control over discovery lies within the sound discretion of the court); *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1387 (10th Cir. 1994) ("Just as the trial

court's determinations on allowing or denying discovery are discretionary . . . so is the imposition of reasonable conditions on the granting of a stay of discovery.") (internal citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (court has "discretion to stay proceedings as an incident to its power to control its own docket"). A stay of discovery is especially appropriate where resolution of preliminary motions may dispose of the entire action. *See*, *e.g.*, *Advanced Career Technologies, Inc. v. Does*, No. 13-cv-00304-WJM-KLM, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014); *Eggert v. Chaffee Co.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *1 (D. Colo. Aug. 25, 2010).

The Court can weigh several factors in determining whether to exercise its broad discretion to stay discovery, including: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2. Here, all *String Cheese* factors weigh in favor of a stay.

**Factor 1: Plaintiff's interests.** A temporary stay of discovery will not prejudice Mr. Guzman's interest in pursuing the litigation. On the other hand, Mr. Guzman *would* be prejudiced if the case continued through discovery only to be dismissed if the motions are granted. In that case, Mr. Guzman would be responsible for costs that could have been avoided had the case been stayed. Therefore, the first factor does not weigh in his favor.

**Factor 2: Burden on Defendants.** By contrast, discovery would impose significant expenses and burdens on Defendants. The complaint contains claims covering a broad range of issues, including issues that implicate the decisions of Executive Branch security officials who have determined—based on their expertise and the exercise of their predictive judgment

8

concerning national-security risks—that the mail-review timeframes in Mr. Guzman's Special Administrative Measures protect critical security interests and prevent his communications from inciting even more acts of violence. Discovery will be burdensome for these officials, as well as for officials who are charged with managing the ADX, detracting from their important functions. In addition, allowing discovery now will impose significant expense on the government, including the potential hiring of expert witnesses and the substantial time and expenses related to responding to voluminous discovery requests that may be wholly unnecessary.

Mr. Guzman is likely to seek depositions of these officials, who must divert time from their official duties to prepare for depositions and, likely, to assist with preparing responses to written discovery. Notably, in light of the demonstrable risks posed by the Sinaloa Cartel and Mr. Guzman personally, *see* ECF No. 24-1 at 2-5, it is in the interest of the safety of individual government officials to avoid being subject to unnecessary depositions.

In circumstances like these, "the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously." *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. April 27, 2010) (staying discovery where the defendant filed a dispositive motion); *see also Harbinger Capital Partners LLC v. Ergen*, No. 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. March 10, 2015) (observing, in finding that the second factor weighed in favor of staying discovery, that "Defendants are correct that proceeding will be wasteful if the District Judge grants the Motion to Dismiss"). Therefore, the second factor weighs in favor of a stay.

**Factor 3: Convenience to the Court.** A temporary stay will better promote judicial economy.

"[I]t is certainly more convenient for the Court to stay discovery until it is clear that this case will proceed." *Harbinger*, 2015 WL 1133503, at *2; *accord Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (noting that staying discovery pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency"). The Court's time is not well-served by allowing a "struggle over the substance of the suit when, as here, a dispositive motion is pending." *Harris*, 2010 WL 1687915, at *1 (internal quotation marks and citation omitted); *see also McCarter v. Potter*, No. 09-cv-01674-MSK-KMT, 2010 WL 148258, at *2 (D. Colo. Jan. 12, 2010) ("[N]either [the court's] nor the parties' time is well-served by being involved in possible dispute resolution and other incidents of discovery when, as here, a dispositive motion involving a threshold . . . defense is pending."). And a stay pending resolution of the dispositive motions "would conserve judicial resources in that the precise contours of the action—and indeed whether the action survives dismissal at all—would be known before proceeding through additional briefing or discovery." *See McEntire v. Tyson Foods, Inc.*, No. 20-cv-02764-PAB-NYW, 2020 WL 9597490, at *2 (D. Colo. Nov. 12, 2020).

Any dispute over discovery will undoubtedly require an expenditure of the Court's time and resources to resolve, which could be avoided if the dispositive motions are granted. Moreover, given the subject matter of the dispute—which includes a challenge to the Special Administrative Measures imposed to prevent Mr. Guzman's communications from triggering new acts of violence—the case may raise numerous complex discovery disputes that could be avoided if the dispositive motions are granted. Therefore, the third factor also strongly weighs in favor of staying discovery.

**Factor 4: Interest of nonparties**. A stay also will serve the interests of nonparties by allowing "the Court and the Department of Justice, both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed." *See Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). Further, it is in the interest of nonparties to have Executive Branch officials focus on their work of protecting the security of the United States—including from the grave dangers posed by the Sinaloa Cartel—rather than engaging in unnecessary discovery. Therefore, the fourth *String Cheese* factor weighs in favor of a stay.

**Factor 5: Public interest**. Finally, the fifth *String Cheese* factor also weighs in favor of a stay. As noted in connection with the fourth factor, the public interest is served by allowing Executive Branch officials to perform their jobs, rather than compelling them to engage in potentially needless discovery with Mr. Guzman. And the public's interest in the "efficient and just resolution" of the case is best promoted by "[a]voiding wasteful [discovery] efforts by the Court." *See Harbinger*, 2015 WL 1133503, at *2.

In sum, the *String Cheese* factors weigh heavily in favor of a stay here.

## CONCLUSION

The Court should stay discovery until it has resolved Defendants' motions to dismiss and for summary judgment, and vacate the July 7, 2022 Scheduling Conference, or convert it to a Status Conference.

11

Respectfully submitted on June 28, 2022.    COLE FINEGAN
United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
T: (303) 454-0100; F: (303) 454-0411
susan.prose@usdoj.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on June 28, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

    Mariel A. Colon Miro
    Jodi L. Morales

                                                  s/ *Susan Prose*
                                                  Susan Prose
                                                  United States Attorney's Office