IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02794-WJM-MEH

JOAQUIN A. GUZMAN LOREA,

    Plaintiff,
v.

B. TRUE, both individually and in his official capacity as Warden of the
United States Penitentiary Florence ADMAX Complex;
HOLBROOKS, both individually and in his official capacity as
Prisoner Counselor at United States Penitentiary Florence ADMAX;
MERRICK GARLAND, in his official capacity as Attorney General of the
United States; and
MICHAEL CARVAJAL, in his official capacity as Director of the
United States Bureau of Prisons;

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendants' Motion to Stay Discovery (ECF 25) to which Plaintiff did not respond in opposition. The Court finds that oral argument would not materially assist in the Motion's adjudication. For the reasons that follow, the Motion is granted.

**I.    Background**

    Plaintiff is an inmate at the "ADMAX" U.S. Penitentiary in Florence, Colorado. He brings this *Bivens* action against those responsible for his conditions of confinement alleging violations of this Eighth Amendment constitutional right. His grievances are wide-ranging and cover many different aspects of recreation, educational, and mental health treatment.

    Defendants move to dismiss Plaintiff's claims for the failure to plead any plausible basis for relief as well as for the lack of subject matter jurisdiction. Defendants add that his ADX

confinement is subject to Special Administrative Measures meant "to defuse the risk that Guzman's communications will trigger new acts of violence." ECF 24 at 1. The Motion to Dismiss recently became ripe for review on July 28, 2022. While they await ruling on that motion, Defendants ask to stay discovery.

## II.     Legal Standard

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

As noted above, Defendants move to dismiss the Complaint in part for the lack of subject matter jurisdiction. Consequently, they raise the kind of legal question that a court should resolve at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

A court's determination whether to stay discovery is guided by the five factors of:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1205 (D. Colo. 2013) (weighing the factors and finding a stay appropriate in that case). This Court considers those factors in turn below.

### III.     Discussion

The first factor concerns Plaintiff's interest in the expeditious pursuit of his claims, but without a response, the record lacks any assertion by him for why discovery should continue to proceed now, before final ruling on Defendants' Motion to Dismiss. Nor after its own consideration of the matter does the Court see reason to deny the present Motion to Stay on the basis of the first *String Cheese* factor. While it is generally preferrable to conduct discovery as soon as possible, the Court notes no particular matter that necessitates immediate discovery here. On balance, Plaintiff's interest in proceeding expeditiously is not so great under the present circumstances that it outweighs granting the stay.

Expeditious resolution of a lawsuit likewise is important, for the benefit of all litigating parties. In this case, the general preference for expeditious litigation is offset by the burden on Defendants should jurisdictional or other legal barriers to this lawsuit be found. The case still is at the early stage, and Defendants have requested the stay before the start of substantive litigation activity.

Furthermore, the Court agrees that the interest of judicial economy would be advanced by temporarily staying discovery and other litigation activities until the dismissal motion is decided. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("the court has considerable discretion over the timing of discovery"). Resolution of the issues raised at this early stage potentially could spare the parties (including Plaintiff) unnecessary litigation burden. *Garcia v. Adams Cty., Colo.*, 16-cv-01977-PAB-NYW, 2017 WL 951156, at *4 (D. Colo. Mar. 8, 2017) (noting how the resolution of a motion to dismiss will "clarify and streamline the claims . . . for more precise and productive discovery—conserving judicial resources and furthering the public's interest in judicial economy"); *Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4928216 (D Colo. Oct. 15, 2012).

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of denying the Motion to Stay. While the public shares in Plaintiff's general interest in the expeditious resolution of this lawsuit, the public also has an interest in conserving resources and maintaining efficient government functioning. *Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019).

The Court finds good cause for granting the stay. Application of the *String Cheese* factors warrants postponing discovery until resolution of the Motion to Dismiss.

### IV. Conclusion

Plaintiff's preference to prosecute his case as quickly as possible—which the Court presumes from the opposition to the requested stay that he expressed to Defendants during the pre-filing conferral (ECF 25 at n.1)—is understandable. However, case law recognizes that circumstances may weigh in favor of staying discovery. The potential of a jurisdictional defect or other litigation bar is one such situation. Therefore, the Court agrees with Defendants that this case should be stayed until the Motion to Dismiss is decided.

Accordingly, Defendants' Motion to Stay Discovery [filed June 28, 2022; ECF 25] is **granted**. The Court stays discovery until final ruling on the Motion to Dismiss (ECF 24).

Within **five business days** of the final ruling on the Motion to Dismiss, the parties shall file a joint motion to lift the stay and set a Scheduling Conference.

Dated at Denver, Colorado, this 1st day of August, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge