IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02794-NYW-MEH

JOAQUIN A. GUZMAN LOERA,

    Plaintiff,

v.

B. TRUE, individually, and in his official capacity as Complex Warden of the United States Penitentiary Florence ADMAX,
HOLBROOKS, individually, and in his official capacity as Prisoner Counselor at United States Penitentiary Florence ADMAX,
MERRICK GARLAND, in his official capacity as Attorney General of the United States,
MICHAEL CARVAJAL, in his official capacity as Director of Bureau of Prisons,
DOES 1–5, individually, and in their official capacities as Medical Staff at United States Penitentiary Florence ADMAX, and
DOES 6–10, individually, and in their official capacities as Educational Staff at United States Penitentiary Florence ADMAX,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's failure to respond to this Court's Order to Show Cause. *See* [Doc. 33 at 35–39]. On March 15, 2023, this Court granted in part and denied in part Defendants' Motion to Dismiss. *See* [*id.* at 39]; *see also* [Doc. 24]. In that Order, the Court highlighted two procedural issues in this case. First, the Court noted that Plaintiff Joaquin A. Guzman Loera ("Plaintiff" or "Mr. Guzman Loera") had failed to properly serve all of the Defendants in their individual capacities under Rule 4(i)(3) of the Federal Rules of Civil Procedure. [Doc. 39 at 35–36]. Additionally, the Court observed that Plaintiff had failed to identify any of the Doe Defendants, instead proceeding using only fictitious names, and had failed to "provide any allegations in the Complaint sufficient to identify the Doe Defendants." [*Id.* at

37]. The Court, therefore, ordered Plaintiff to show cause, on or before March 31, 2023, as to (1) why his claims against Defendants in their individual capacities—both the named Defendants and the Doe Defendants—should not be dismissed without prejudice for failure to serve under Rule 4(m); and (2) why his claims against the Doe Defendants, in their individual and official capacities, should not be dismissed under Local Rule 41.1 for failure to prosecute. [*Id.* at 36, 38]. The Court expressly advised Mr. Guzman Loera that "**the failure to show good cause may result in this Court dismissing those claims without prejudice without further notice from the Court**." [*Id.* at 39 (emphasis in original)]. Because Mr. Guzman Loera, who is represented by counsel, failed to respond to the Order to Show Cause by the Court's deadline, this Order follows.

## ANALYSIS

### I.   Failure to Serve

Rule 4(i) of the Federal Rules of Civil Procedure provides that

> [t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3). As noted in the Court's Order to Show Cause, Plaintiff has not filed any certificate of service reflecting that he has served any of the Defendants in their individual capacities as required by Rule 4(i)(3).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *cf.* D.C.COLO.LCivR 41.1 (providing for dismissal with or without prejudice for failure to comply with the Federal Rules of Civil Procedure). "But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  Plaintiff filed his Complaint on October 18, 2021, and his deadline to serve all Defendants individually was March 11, 2022.  [Doc. 12].  Plaintiff has not responded to the Court's Order to Show Cause and has, as a result, necessarily failed to demonstrate good cause for his failure to serve Defendants in their individual capacities.

The Court thus "*must*," either on motion or *sua sponte* after notice to Plaintiff, "dismiss the action without prejudice against [an unserved] defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m) (emphasis added).  Having considered the progression and current status of this litigation, the Court concludes that Plaintiff's claims against all Defendants in their individual capacities should be dismissed without prejudice under Rule 4(m).  The Court is charged with employing the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Despite the Court's warning that his claims against the individual Defendants were subject to dismissal absent a showing of good cause, Plaintiff—who is represented by counsel—did not respond to the Court's Order to Show Cause and did not request an extension of his deadline to serve the individual Defendants.  It would not be in the interest of judicial economy to *sua sponte* extend Plaintiff's deadline to serve the individual Defendants, especially where Plaintiff's deadline has already been extended once before.  *See* [Doc. 12].  Indeed, service on the individual Defendants could delay the initiation of discovery in this case[1] and would likely result in another Rule 12(b)(6) motion containing arguments substantially similar to those raised by Defendants in their previous Motion to Dismiss.  *See Elide Fire USA Corp. v. Auto Fire Guard, LLC*, No. 21-cv-00943-NYW, 2022

---

[1] A Scheduling Conference is set before the Honorable Michael E. Hegarty for May 3, 2023.  *See* [Doc. 34].

3

WL 672485, at *6 (D. Colo. Mar. 7, 2022) (this Court declining to permit an extension of the service deadline because the extension "would cause significant delays in the progression of th[e] case"), *report and recommendation adopted*, No. 21-cv-00943-WJM-NYW, 2022 WL 2287527 (D. Colo. Apr. 18, 2022).  Accordingly, Plaintiff's claims against all Defendants in their individual capacities are **DISMISSED without prejudice** for failure to serve under Rule 4(m).

## II.   Failure to Identify the Doe Defendants

Mr. Guzman Loera sued the ten Doe Defendants in their individual and official capacities. *See* [Doc. 1 at 1].   Under Rule 10, "a caption to a complaint must include the names of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), *aff'd*, 456 F. App'x 718 (10th Cir. 2012).  The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," and for this reason, "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'"  *Id.* (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)).  Accordingly, where allegations against unnamed defendants "are vague and fail to meet the pleading standards under" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), claims against the unnamed defendants may properly be dismissed.  *See Culp*, 2011 WL 1597686, at *3; *see also, e.g.*, *Pearson v. Colo. Dep't of Transp.*, No. 18-cv-02538-KLM, 2019 WL 3550208, at *5 (D. Colo. Aug. 5, 2019).

As explained in the Court's previous Order, the allegations in Plaintiff's Complaint are insufficiently specific to meaningfully identify any of the Doe Defendants.  *See* [Doc. 33 at 37–38].  This case has been pending for over one year and there is no indication on the docket that, in ten months that passed between the initiation of this action and the stay of discovery, Plaintiff made any attempt to identify the Doe Defendants in this matter.  *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (observing that dismissal may be appropriate when unnamed defendants

4

remain unidentified for a lengthy period of time). Moreover, Plaintiff's failure to respond to the Order to Show Cause or otherwise attempt to maintain his claims against the Doe Defendants suggests that Plaintiff has no intention or desire to proceed against the Doe Defendants in this action.

For these reasons, the claims against the Doe Defendants in their official capacities are **DISMISSED without prejudice** for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (permitting dismissal of an action or claim for failure to prosecute); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or [the] court's orders." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962))).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) The claims against all Defendants in their individual capacities are **DISMISSED without prejudice** for failure to serve under Rule 4(m); and

(2) The claims against the Doe Defendants in their official capacities are **DISMISSED without prejudice** for failure to prosecute.

DATED: April 4, 2023                                BY THE COURT:

_____
Nina Y. Wang
United States District Judge